## Benge's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bok, and Bolger, JJ.

*Mayer, Magaziner & Brunswick*, for exceptants.

*Peck & White*, contra.

BOLGER, J., April 16, 1937.—Exceptant, decedent's son, was cotrustee, attorney-in-fact for his mother, the life tenant, now deceased, and remainderman.

He complains that his cotrustee, a trust company, invested the funds of the estate in a mortgage without appraisement, and without his knowledge and consent.

It appears that this mortgage and others had been held by the trust company in its trust department as trustee for sundry trusts, and, the company having decided to discontinue the practice of allotting participations to various trust estates, it transferred the mortgages themselves to the estates, and as part of this readjustment the mortgage in question was transferred to this trust on January 9, 1932.

Exceptant, cotrustee, was not advised of this change in investment until three months later.

An appraisement had been made of the mortgage on April 29, 1930, but no reappraisement was made at the time of the transfer, one year and nine months later. The mortgage was not then in default, and the auditing judge found as a fact that it was well worth its face value.

Thereafter, written statements were submitted by the trust company at least semi-annually, and exceptant, as attorney-in-fact for the life tenant, collected the income for her, and as cotrustee accepted his half share of commissions on such income.

While we condemn the practice of assigning mortgages without appraisement, exceptant had knowledge of the investment three months after it was made, and, being a cotrustee with some measure of responsibility, he is estopped at this late day from raising objections. He should have spoken in April 1932, when the matter came to his attention, and then no doubt it could have been adjusted to his satisfaction.

The record shows no error by the auditing judge, and his conclusions are fully supported by the decisions of this court as to acquiescence by cotrustees in Maser's Estate, 21 D. & C. 559, and Towne's Estate, 25 D. & C. 641. See also, as to acquiescence by the parties: Curran's Estate, 312 Pa. 416; Macfarlane's Estate, 317 Pa. 377.

Exceptions to counsel fee were withdrawn by agreement and stipulation of counsel.

The exceptions are dismissed and the adjudication is confirmed absolutely.